Peck, J.
delivered the opinion of the court.
The words of the act of Assembly do not of themselves-make the illigitimate son of Searcy his héir; by the terms used, it is left even questionable whether he could take as such with the legitimate children. Such partial and limited legislation, not intended to give a general rule by which a whole community shall be governed, but passed with a view to a special ease, has generally been looked upon with suspicion; and though such acts may be passed, and become operative under the constitution, where, from the very frame of them, it is evident no right or obligation is infringed or impaired, but where the moving cause of the act bears the impress of the purity of mo*' tive. In such case no harm ensues frQm acting under it, and the courts will let it in to the extent intended, and this intent must be gathered from the words of the act.
The terms used, taken in connection’with the caption of the act, or either taken separately, do not of necessity make the testator one of the heirs of the elder Searcy. “Shall in all respects, both in law and equity, be upon an equal footing with the other children of the said Robert Searcy,” are terms too general to create in* the illigitimate child an inheritable quality; a quality *624 which takes away a portion of the rights of the heirs . „ J , ,. . ,. , ° . , , .... . . proper, oí bcarcy, by dividing the estate with the ilugiti.-mate child.
Again: as has been well observed by counselin debate,. if it be permitted men to adopt into the family by act of Assembly, children of pleasure, it may follow thafsuch ^orphans may be thus adopted, and their estates become partable between different families, or go to the foster father or his children, in exclusion of actual brothers and sisters, or other blood relations on whom the law casts the estate. There is no good policy in extending the act'of Assembly beyond its obvious import. Men desirous of providing for their illigitimate children, have the power to do so by deed or last will. So, too, we’ admit the power to give to a natural child by act of Assembly, proper words being employed; but by thus giving the dower does not make the child such an heir to the father, as must necessarily control the descent of the estate the child may acquire; it may be generous thus to give, but generosity on one side does not fix inheritable relationship.
The case before us, carries with it, at least persuasive evidence that Searcy, the elder, did not contemplate the act as extending the length now conceded; for the testator does not take the estate by descent from his father, hut by conveyance, so that he held it by purchase, and not as heir. But whatever may have been the views of the elder Searcy, the law did not make him the heir to his natural son; and as those who now insist on considering it as real estate, cannot take otherwise than by tracing themselves as of the same consanguinity; the right is cut off, the natural son being of the blood'of no one.
In this view of the case, there is no forced construction, to reach results, as it is argued, against the claim of the personal representatives taking all together, there is not a scintilla of equity; so on this branch of the case, there is just as little. It is a pure question of law, and *625 the moment the act of Assembly cannot be brought to toll the right, the case is settled, and the mother takes as the other child.
If it became necessary to go into the question, we are of opinion the authorities prove, that the will created this property a fund, and that it is to be considered as money, not land.
Surely we must look to the intention of the testator; the estate was to be sold, and in case a child should be born, then two persons are provided for, the child and the widow; the parts each are to take, are specially designated. The case of Hill against the Bishop of London is very analogous to the present. We are' following the rule laid down in that case. “The testator has definitively stamped this real estate with the character of personalty, not only for the purposes of his will, but likewise for all intents and purposes whatever; the heir is therefore not only excluded from the land,-but likewise from every interest which may arise from its sale, for being thus converted intp personalty, the distributee is entitled.”
The schedule of the property, and the value put upon it in the will, goes strongly to show the inténtion. It was not only to identify the property, but to fix a probable amount in money it might command on sales made. See the cases on this point brought together in Leigh & Dalzell on property, ch. 6.
Decree affirmed.